IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT

| | | |
|---|---|---|
| ALLEN W. MEADOWS, II | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-06-1531 |
| AMERICAN RED CROSS | * | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**<u>MEMORANDUM OPINION</u>**

Plaintiff Allen W. Meadows, II ("Plaintiff" or "Meadows"), a former employee of Defendant American Red Cross ("Defendant" or "Red Cross"), has brought this employment discrimination action alleging discrimination based on his disability in violation of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101, *et seq.* Currently pending before the Court is a Motion to Dismiss Count II [3], a Motion for Extension of Time to Complete Discovery and Revise the Scheduling Order [9], a Motion to Compel [10], and a Motion to Compel Plaintiff's Deposition Testimony and Request for Sanctions [12] filed by the Red Cross. Plaintiff has not responded to each of the pending motions. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motions. On February 16, 2007, the Court held a telephonic conference concerning the motions and heard from all the parties. Having considered the arguments of Plaintiff and Defendant, the Court will GRANT Defendant's motions for the reasons articulated at the conference and discussed below.

1

**FACTUAL AND PROCEDURAL BACKGROUND**

Meadows, a 25 year old male, began employment with the Red Cross on January 13, 2003 as a Donor Service Specialist/Program-Specialist-Recruitment. Plaintiff's job included front desk tasks, providing program information to callers and interested parties, donor phlebotomy, recruitment drives, and monthly meetings within the organizations. On February 24, 2005, Plaintiff filed an administrative complaint with the Equal Employment Opportunity Commission ("EEOC") charging the Red Cross with discrimination. Accordingly, on March 15, 2006, Plaintiff received his right-to-sue letter from the EEOC and on June 15, 2006, Plaintiff filed a two-count Complaint, alleging hostile work environment and failure to promote for Plaintiff's alleged disability under the ADA. Plaintiff, who is in a positive human immunodeficiency virus ("HIV+") status, claims that Defendant took away his duties and restricted his travel, which eliminated or greatly reduced any opportunity for advancement or promotion. Currently before the Court is Defendant's motion to dismiss Plaintiff's failure to promote claim, motion for extension of time to complete discovery and revise the scheduling order, motion to compel, and motion to compel plaintiff's deposition testimony and request for sanction. Plaintiff has not opposed any of the motions and the time to respond to each of the motions has expired. As such, the motions are ripe and the Court now issues this opinion.

**STANDARD OF REVIEW**

*Motion to Dismiss*

A court should deny a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief." *See Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In

determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)"). Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Therefore, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory or if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

**ANALYSIS**

*Motion to Dismiss*

Defendant argues that Plaintiff has not exhausted his administrative remedies as to his failure to promote claim before the EEOC. The purposes of this requirement is to put the charged party on notice and allow the EEOC to attempt reconciliation. *See Causey v. Balog*, 162 F.3d 795, 800 (4th

3

Cir. 1998). Here, Plaintiff alleges, in both his EEOC Charge and in his formal Complaint, that by taking duties away from him and restricting his travel, Defendant has eliminated or greatly reduced any opportunity for Plaintiff's advancement. *See* Comp. ¶ 22 and EEOC Charge. In considering the allegations in the light most favorable to the Plaintiff, the Court believes that Plaintiff has sufficiently put the Defendant on notice and fulfilled the requirements of 29 C.F.R. § 1614.105.[1]

Alternatively, Defendant argues that Plaintiff fails to state a failure to promote claim, pursuant to Fed. R. Civ. P. 12(b)(6). To establish a *prima facie* case of discrimination under the ADA, a plaintiff must present evidence sufficient to prove four elements: (1) membership in a protected group, (2) qualification for the job in question, (3) an adverse employment action, and (4) circumstances supporting an inference of discrimination. *Karpel v. Inova Health sys. Servs.*, 134 F.3d 1222, 1227-28 (4th Cir. 1998) (*citing McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). An employment discrimination complaint need not contain specific facts establishing a *prima facie* case under the *McDonnell Douglas* framework. *See Swierkiewicz v Sorema*, 534 U.S. 506 (2002). Instead, because *McDonnell Douglas* standard is an evidentiary standard and not a pleading standard, Fed. R. Civ. P. 8(a)(2) only requires Plaintiff to provide a short and plain statement of the claim showing that the pleader is entitled to relief.

In Count II, Plaintiff alleged that because of his disability, Defendant failed to promote him by taking away duties and restricting his travel, which greatly reduced any opportunity for

---

[1] **29 C.F.R. § 1614.105 Pre-complaint processing.**

(a) Aggrieved persons who believe they have been discriminated against on the basis of race, color, religion, sex, national origin, age or handicap must consult a Counselor prior to filing a complaint in order to try to informally resolve the matter.

advancement or promotion. *See Page v. Bolger*, 645 F.2d 227, 233 (4th Cir. 1981). The Court believes that the employment actions challenged by Plaintiff do not constitute actionable "adverse employment actions" under the ADA. Consequently, Plaintiff has failed to allege that Defendant took any adverse employment action against him because of his disability.

In *Bristow v. Daily Press, Inc.*, 770 F.2d 1251, 1255 (4th Cir. 1985), *cert. denied*, 475 U.S. 1082 (1986), the Fourth Circuit concluded that "employment discrimination laws require as an absolute precondition to suit that some adverse employment actions have occurred." In determining whether there has been discrimination with respect to "personnel actions," a court should focus on the question whether there has been discrimination "in what can be characterized as ultimate employment decisions, such as hiring, granting leave, discharging, promoting and compensating." *Page*, 645 F.2d at 233. There are "many interlocutory or mediate decisions" which have no immediate effect upon employment conditions and which were not intended to constitute a basis for the assertion of a claim of discrimination. *Id.* In *Munday v. Waste Management of N. Am., Inc.*, 126 F.3d 239, 243 (4th Cir. 1997), the Court stated: "In no case in this circuit have we found an adverse employment action to encompass a [particular] situation ... without evidence that the terms, conditions or benefits of [plaintiff's] employment were adversely affected."

Applying the principles of *Page* and *Munday* here, Plaintiff has failed to state a claim that Defendant violated the ADA, because of his disability, by "taking duties away from Plaintiff and restricting his travel" which Plaintiff alleges "eliminated or greatly reduced any opportunity for advancement or promotion." (Comp. ¶ 22). In deciding that Plaintiff's travel be restricted and certain other duties be taken away, Defendant made an interlocutory or mediate decision rather than an ultimate employment decision actionable under the ADA. Denial of certain duties and

assignments do not, under *Munday*, constitute an adverse employment action, since the terms, conditions and benefits of Plaintiff's employment would not have been adversely affected.  For all these reasons, the Court concludes that even if Plaintiff were able to prove that he suffered from a disability, Defendant's motion to dismiss must be granted as to Count II of the complaint.

### *Motions for Extension of Time, to Compel, and Request for Sanctions*

During the February 19th telephonic conference, Plaintiff's counsel advised the Court that he was not deliberately non-responsive to the pending motions and proceedings.  In fact, Plaintiff's counsel freely admitted, and the record reflects, that he has failed to submit a single response to any of Defendant's four pending motions as he was out of the country.  Being out of the country without seeking relief from the Court does not hold counsel harmless and does not amount to a legitimate excuse for what appears to be derelict behavior.  Because of Plaintiff's actions, or lack thereof, Defendant has not received the requested discovery, including documents, medical authorizations, and the deposition of the Plaintiff.  As a result, Defendant requests sanctions for all costs, including attorney's fees, incurred in seeking to compel Plaintiff to comply with its discovery efforts in accordance with Local Rule 104.7.  In granting a party's motion to compel, the Court has the authority to sanction parties who fail "to serve answers or objections to interrogatories submitted under Rule 33 " or "to serve a written response to a request for inspection submitted under Rule 34."  *See* Fed. R. Civ. P. 37(a)(2).  The Court can require the party whose conduct necessitated the motion to pay the movant the reasonable expenses incurred in making the motion, including attorney's fees. *Id.*  Here, the Court will grant Defendant's request for sanctions, pending receipt and review of Defendant's specific request detailing the amount.

### **CONCLUSION**

For the reasons stated above, and discussed during the telephonic conference, the Court will GRANT Defendant's motions to compel. Plaintiff is directed to respond to Defendant's discovery requests within ten (10) days of this order. Furthermore, the Court will GRANT, only for the benefit of Defendant, Defendant's motion to extend discovery deadlines to sixty (60) days from when Plaintiff has complied with all of the discovery requests discussed *supra*. The Court will GRANT Defendant's request for sanctions, pending receipt and review of Defendant's Report of Expense detailing the amount specifically requested. An Order consistent with this Opinion shall follow.

February 21, 2007    /s/
Date    Alexander Williams, Jr.
    United States District Court